## WESTERN SILO CO. v. MANNING.

No. 8485—Opinion Filed Dec. 11, 1917.

Rehearing Denied Feb. 12, 1918.

(170 Pac. 471.)

(Syllabus.)

**Appeal and Error—Question of Fact—Affirmance.**

Where the evidence reasonably tends to support the judgment, the same will be affirmed.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Suit by the Western Silo Company, a corporation, against F. Manning. Judgment for defendant, and plaintiff brings error. Affirmed.

Utterback & MacDonald and John A. MacDonald, for plaintiff in error.

John L. Boland, for defendant in error.

PER CURIAM. On March 18, 1915, plaintiff in error, Western Silo Company, a nonresident corporation, in the district court of Bryan county, sued defendant in error Manning in replevin to recover a certain knocked down silo which had theretofore been attached and sold as the property of defendant and by the purchaser again sold to Manning, and to which, it is alleged, he acquired no title, for the reason that the judgment before the justice of the peace in the attachment suit was void. After issue joined, there was trial to the court and judgment for defendant, to reverse which plaintiff brings the case here, and assigns that the judgment is contrary to the evidence.

Assailing the judgment, plaintiff attempted to prove, without objection, that the service on it in that case was void for the reason that it was made by publication when, at that time, plaintiff had appointed a resident agent upon whom service of summons might be made, pursuant to Rev. Laws 1910, § 1336. But plaintiff failed in its proof. Whatever, on this point, the proof might disclose as to an agent appointed for the Western Silo Company, Limited, it had no reference to an agent appointed for plaintiff, the Western Silo Company, which were two distinct corporations. We take no notice of the certificate of the secretary of state, dated February 11, 1916, showing that the Western Silo Company, of Des Moines, Iowa, was licensed to do business in this state on July 18, 1912, and that James S. Gladdish, of Oklahoma City, was designated as its agent for service, and that said corporation was organized under the laws of Iowa. This for the reason that it was never introduced in evidence, but was filed in the case some three months after the trial.

Affirmed.

All the Justices concur.